509 A.2d 716

**Barbara H. JOHNSON**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING.**

**No. 1159, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

June 5, 1986.

Caryn F. Fiscella, Silver Spring, for appellant.

Karen Stakem Hornig, Sp. Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Alexander Wright, Jr., Asst. Atty. Gen., on brief), Baltimore, for appellee.

Argued before BISHOP, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

This appeal involves a simple matter of statutory construction. We hold that appellant complied with the regulations of the Department of Employment and Training. We accordingly reverse the contrary judgment of the Circuit Court for Montgomery County.

Barbara H. Johnson, appellant, was employed by Dunhill Temporaries. On two occasions in the spring of 1984, Dunhill contacted Ms. Johnson to offer her a job assignment. On both occasions appellant declined the offer because she had job interviews which conflicted with the assignments.

Ms. Johnson filed a claim for unemployment benefits with the Department of Employment and Training (DET), appellee, in June of 1984. DET issued two separate decisions dated August 29, 1984, each denying benefits on the basis that Ms. Johnson failed to accept "available, acceptable employment." Each decision contained a notice of appeal, printed in boldface type in the middle of the first page, which read as follows:

—NOTICE OF RIGHT TO FURTHER APPEAL—
ANY INTERESTED PARTY TO THIS DECISION MAY REQUEST A FURTHER APPEAL AND SUCH APPEAL MAY BE FILED IN ANY EMPLOYMENT SECURITY OFFICE, OR WITH THE APPEALS DIVISION, ROOM 515, 1100 NORTH EUTAW STREET, BALTIMORE, MARYLAND 21201, EITHER IN PERSON OR BY MAIL.
THE PERIOD FOR FILING A PETITION FOR REVIEW EXPIRES AT MIDNIGHT ON September 13, 1984.

The date (September 13, 1984) was added by typewriter.

Through her counsel at the Legal Aid Bureau, Ms. Johnson mailed a petition for review of each decision to the Board of Appeals of DET. Ms. Johnson subsequently produced two affidavits by employees of the Legal Aid Bureau wherein the affiants swore that the petitions were typed, placed into a properly addressed envelope, sealed, stamped with proper postage by the bureau's postage meter, and deposited in a local mailbox before the last scheduled pick up on Thursday, September 13, 1984. The envelope, which arrived at the Board of Appeals Monday, September 17, 1984, bore a United States Postal Service postmark of September 14, 1984.

The Board of Appeals issued two decisions, one dated November 2, 1984, the other dated November 20, 1984, denying the petitions. Each one said, "The last day for filing an appeal in your case was September 13, 1984 and since your request was not made until September 14, 1984, the Board has no authority to grant the appeal which you request." Ms. Johnson duly appealed to the Circuit Court for Montgomery County which, by order dated August 7, 1985, denied the petition for appeal and entered a final judgment.

The focus of this appeal is Md.Ann.Code art. 95A, § 7(e) and (f) (1985 repl. vol.) and the corresponding administrative regulations found in COMAR 24.02.06.02. The gist of art.

95A, § 7(e) and (f) is that a claimant may file an appeal from an adverse determination "with the Board of Appeals within 15 days after the date of mailing of the notice to his last known address or if such notice is not mailed, within 15 days after the date of delivery of such notice." COMAR 24.02.06.02.B essentially provides that petitions for review must be written, signed, and "delivered or mailed, postage prepaid, to the Department of Employment and Training." Finally, COMAR 24.02.06.02D provides, in relevant part, as follows: "Appeals or petitions for reviews as specified in this regulation shall be *filed* ... within 15 calendar days after the date on which certification of the claims examiner's determination was delivered personally to the appellant, or mailed to the appellant at his last known post office address ..." (emphasis added).

Except for the above noted COMAR provision that petitions for review may be either delivered or mailed to the Department, nowhere in the Maryland Code or in the administrative regulations is the term "filed" defined. DET insists that for years it has consistently ruled that the postmark date will dictate when an appeal is considered to have been filed. While this may be true, this consistency has never been reduced to a code provision or regulation. Instead, DET issued to Ms. Johnson standardized decision forms containing the notice of right to further appeal which, reduced to its essential elements, reads that an "appeal may be *filed* ... *either* in person or *by mail*" and that "[t]he period for *filing* a petition for review expires at *midnight* on [a given date]" (emphasis added).

DET has never taken the position that Ms. Johnson's petitions for review were filed when received by its Board of Appeals on September 17, 1984. It has consistently maintained that they were filed on September 14, 1984, when the postal service stamped the envelope with its postmark. The issue, then, is whether the date stamped by the post office or the date of deposit in the mailbox is the date of filing.

The resolution of this issue is a simple matter of logical construction. The notice, in effect, said that mailing equals filing. It then said that filing had to be accomplished by midnight of September 13, 1984. Appellant contends, and offers proof to support her contention, that her petition was mailed when it was put in the custody of the U.S. Postal Service by depositing it in a mailbox. If so, that was when her petition was filed. This inevitable logical conclusion is nowhere contradicted by the applicable statutes or regulations. We find the notice to be clear and unambiguous. It said that Ms. Johnson had until midnight on September 13, 1984, to put her petition in the mail. According to the evidence she presented, she met this deadline.

To read into this clear notice, as DET would have us do, a gloss that mailing, i.e., filing occurs when postal authorities stamp the envelope with a postmark date, would violate the spirit of the law, as made evident by Md.Ann.Code art. 95A, § 7(g), to provide a relatively informal and nontechnical procedure. This we shall not do.

Appellee, having adopted the wrong standard for determining the filing date of appellant's petitions, made no finding as to when the petitions were actually mailed. It simply ignored the evidence proffered by appellant. Accordingly, we will vacate the judgment of the circuit court and remand the case with directions to remand to the Department of Employment and Training for a factual determination on the issue of date of mailing of the petitions. If the Department finds that appellant's petitions for review were actually placed in the mail before midnight on September 13, 1984, it should afford her the review she seeks. If it has any basis to find otherwise and does so, it may again dismiss her appeals.

JUDGMENT VACATED AND CASE REMANDED TO CIRCUIT COURT WITH DIRECTIONS TO REMAND TO THE BOARD OF APPEALS OF DEPARTMENT OF EM-

PLOYMENT AND TRAINING FOR FURTHER PRO-
CEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.